1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

WASHINGTON RESEARCH
FOUNDATION, a Washington Corporation,
                    Plaintiff,

            vs.

APPLE INC., a California Corporation; D-
LINK SYSTEMS, INC., a California
Corporation; HEWLETT-PACKARD
COMPANY, a Delaware Corporation;
LOGITECH INTERNATIONAL S.A., a Swiss
Corporation; LOGITECH INC., a California
Corporation; MICROSOFT CORPORATION,
a Washington Corporation; PARROT SA, a
French Corporation; PARROT, INC., a New
York Corporation; SAMSUNG
ELECTRONICS COMPANY, LIMITED, a
Republic of Korea Corporation; and
SAMSUNG ELECTRONICS AMERICA,
INCORPORATED, a New York Corporation.
                    Defendants.

NO.  12-2092

**COMPLAINT**

**JURY DEMAND**

COMPLAINT - 1

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

Plaintiff Washington Research Foundation complains against defendants Apple, Inc. ("Apple"); D-Link Systems, Inc. ("D-Link"), Hewlett-Packard Company ("HP"), Logitech International S.A. and Logitech Inc. (collectively, "Logitech"); Microsoft Corporation ("Microsoft"); Parrot SA and Parrot, Inc. (collectively, "Parrot"); Samsung Electronics Company, Limited and Samsung Electronics America, Incorporated (collectively, "Samsung") as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.      This action arises under the Patent Laws of the United States, 35 United States Code.  This Court has jurisdiction of this action under 28 U.S.C. § 1338(a).

2.      Washington Research Foundation (also referred to as "WRF") is an independent nonprofit Washington State 501(c)(3) organization based in Seattle, Washington.  Washington Research Foundation was created in 1981 and is mandated by federal statute to review technology disclosures by the University of Washington and other Washington research institutions, obtain protection for such technology through patents, copyrights, or other means, and provide for the license, sale, or other exploitation of such technology.  The activities of the Washington Research Foundation are funded by revenue from technology licensing and the investment of retained funds. Washington Research Foundation has benefited Washington State research institutions by licensing a variety of technologies to industry, including the basis for a hepatitis B virus vaccine, blood clotting factors, recombinant insulin, and wireless technology supporting the "Bluetooth" and other wireless technologies.

3.      Washington Research Foundation provides support through gifts and grants for scholarship and research.  Washington Research Foundation has made gifts and licensing disbursements to the University of Washington totaling more than $370 million, thus providing a substantial return on investment to the taxpayers whose dollars support this institution.  The

COMPLAINT - 2

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

gifts from the Washington Research Foundation have supported the creation of over 100 endowments for chairs, professorships, research fellowships and graduate stipends in science, medicine and engineering, all at reduced or no cost to the taxpayer.  Educational programs created and supported by the Washington Research Foundation include the Center for Technology Entrepreneurship (University of Washington Business School) and the Program for Technology Commercialization (University of Washington Bioengineering), all of which substantially benefit society and improve the human condition.  The Washington Research Foundation was a founding supporter of technology "gap" funding programs at the University of Washington, the Fred Hutchinson Cancer Research Center, and Washington State University.

4.      Defendant Apple Inc. is a corporation established under the laws of California and based in California.  Apple Inc. manufactures and sells electronic devices such as cell phones and notebook computers, including selling or offering to sell such devices (including the accused devices) within this judicial district and by conducting other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

5.      Apple has manufactured, used, imported into the United States, sold and/or offered for sale devices which infringe, or the use of which infringes, at least the Asserted Patents.  Specifically, and by way of example, Apple has manufactured, used, imported into the United States, sold and/or offered for sale products employing unlicensed chipsets that are made by third party semiconductor manufacturers Atheros, Qualcomm, and/or Qualcomm-Atheros.

6.      Defendant D-Link Systems, Inc. is a corporation established under the laws of California and based in California.  D-Link manufactures, sells electronic devices such as wireless routers, including selling or offering to sell such devices (including the accused devices) within this judicial district, and conducts other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

COMPLAINT - 3

7.      D-Link has manufactured, used, imported into the United States, sold and/or offered for sale devices which infringe, or the use of which infringes, at least the Asserted Patents.  Specifically, and by way of example, D-Link has manufactured, used, imported into the United States, sold and/or offered for sale products employing unlicensed chipsets that are made by third party semiconductor manufacturers Atheros, Qualcomm, and/or Qualcomm-Atheros.

8.      Defendant Hewlett-Packard is a corporation established under the laws of Delaware and based in Palo Alto, California.  Hewlett-Packard manufactures, sells electronic devices such as notebook computers, including selling or offering to sell such devices (including the accused devices) within this judicial district, and conducts other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

9.      Hewlett-Packard has manufactured, used, imported into the United States, sold and/or offered for sale devices which infringe, or the use of which infringes, at least the Asserted Patents.  Specifically, and by way of example, Hewlett-Packard has manufactured, used, imported into the United States, sold and/or offered for sale products employing unlicensed chipsets that are made by third party semiconductor manufacturers Atheros, Qualcomm, and/or Qualcomm-Atheros.

10.      Defendant Logitech International S.A. is a corporation established under the laws of Switzerland and based in Switzerland.  Defendant Logitech Inc. is a corporation established under the laws of the State of California and based in the United States, and is a wholly owned subsidiary of Logitech International S.A.  Logitech International S.A., including through its subsidiary Logitech Inc., manufactures and sells electronic devices such as wireless mice, keyboards and hubs, including selling or offering to sell such devices (including the accused devices) within this judicial district and by conducting other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

COMPLAINT - 4

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

11.     Logitech has manufactured, used, imported into the United States, sold and/or offered for sale devices which infringe, or the use of which infringes, at least the Asserted Patents.  Specifically, and by way of example, Logitech has manufactured, used, imported into the United States, sold and/or offered for sale products employing unlicensed chipsets that are made by third party semiconductor manufacturers Atheros, Qualcomm, and/or Qualcomm-Atheros.

12.     Defendant Microsoft Corporation is a corporation established under the laws of the State of Washington and based in Washington.   Microsoft manufactures, sells electronic devices, including selling or offering to sell such devices (including the accused devices) within this judicial district, and conducts other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

13.     Microsoft has manufactured, used, imported into the United States, sold and/or offered for sale devices which infringe, or the use of which infringes, at least the Asserted Patents.  Specifically, and by way of example, Microsoft has manufactured, used, imported into the United States, sold and/or offered for sale products employing unlicensed chipsets that are made by third party semiconductor manufacturer manufacturers Atheros, Qualcomm, and/or Qualcomm-Atheros.

14.     Defendant Parrot SA  is a corporation established under the laws of  France and based in France .  Defendant Parrot, Inc. is a corporation established under the laws of New York, and based in Michigan, and is a wholly owned subsidiary of Parrot.  Parrot, SA including through its subsidiary Parrot, Inc., manufactures, sells electronic devices, including selling or offering to sell such devices (including the accused devices) within this judicial district, and conducts other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

COMPLAINT - 5

15.     Parrot has manufactured, used, imported into the United States, sold and/or offered for sale devices which infringe, or the use of which infringes, at least the Asserted Patents.  Specifically, and by way of example, Parrot has manufactured, used, imported into the United States, sold and/or offered for sale products employing unlicensed chipsets that are made by third party semiconductor manufacturers Atheros, Qualcomm, and/or Qualcomm-Atheros.

16.     Defendant Samsung Electronics Company, Limited is a corporation established under the laws of the Republic of Korea and based in Seoul, Korea.  Defendant Samsung Electronics America, Incorporated is a corporation established under the laws of the State of New York and based in Ridgefield Park, New Jersey, and is a wholly owned subsidiary of Samsung Electronics Company, Limited.  Samsung Electronics Company, Limited, including through its subsidiary Samsung Electronics America, Inc., manufactures, sells electronic devices such as cell phones and notebook computers, including selling or offering to sell such devices (including the accused devices) within this judicial district, and conducts other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

17.     Samsung has manufactured, used, imported into the United States, sold and/or offered for sale devices which infringe, or the use of which infringes, at least the Asserted Patents.  Specifically, and by way of example, Samsung has manufactured, used, imported into the United States, sold and/or offered for sale products employing unlicensed chipsets that are made by third party semiconductor manufacturers Atheros, Qualcomm, and/or Qualcomm-Atheros.

18.     In accordance with 35 U.S.C. § 299(a)(1)-(2), these defendants have been named in a common complaint because they purchase the infringing radios from the same common supplier, and on information and belief, to the extent relevant to the asserted claims, the

COMPLAINT - 6

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

infringement arises out of the "same accused product or process," and therefore the issues of claim construction, validity, and infringement are common to all of the defendants.

## II. WASHINGTON RESEARCH FOUNDATION'S LOW IF PATENT PORTFOLIO

19.     The University of Washington is the assignee of a portfolio of patents duly and legally issued to Edwin A. Suominen for the inventions claimed therein relating to  radio frequency (RF) receiver technology used in commercially significant Bluetooth®, FM, GSM, Wi-Fi, and other Low IF radio data communication systems.  Relevant issued patents include (collectively, the "Subject Patents"):

- U.S. Patent 5,937,341, titled "Simplified high frequency tuner and tuning method," filed September 13, 1996, and issued August 10, 1999;

- U.S. Patent 6,427,068, titled "Simplified high frequency tuner and tuning method," filed May 24, 1999, as a division of the '341 Patent, issued July 30, 2002;

- U.S. Patent 6,631,256, titled "Simplified high frequency tuner and tuning method," filed October 27, 2001, as a continuation of the '068 Patent, issued October 7, 2003;

- U.S. Patent 7,116,963, titled "Simplified high frequency tuner and tuning method," filed August 25, 2003, as a continuation of the '256 Patent, issued October 3, 2006;

- U.S. Patent 7,606,542, titled "Simplified high frequency tuner and tuning method," filed June 15, 2005, issued October 20, 2009;

- U.S. Patent 7,606,549, titled "Selective channel tuner and tuning method," filed August 23, 2006, issued October 20, 2009;

COMPLAINT - 7

- U.S. Patent 7,639,996, titled "Simplified high frequency tuner and tuning method," filed July 10, 2008, as a divisional of the '542 Patent, issued December 29, 2009;

- U. S. Patent 7,853,225, titled "Simplified high frequency tuner and tuning method," filed ), filed on November 9, 2009, is a divisional of the '996 patent, issued December 14, 2010;

- U.S. Patent 7,853,239, titled "Simplified high frequency tuner and tuning method," filed November 9, 2009 as a divisional of the '996 Patent, issued December 14, 2010;

- U.S. Patent 7,860,482, titled "Simplified high frequency tuner and tuning method," filed November 9, 2009, as a divisional of the '996 Patent, issued December 28, 2010;

- U.S. Patent 7,925,238, titled "Simplified high frequency tuner and tuning method," filed July 10, 2008, issued April 12, 2011;

- U.S. Patent 8,005,450, titled "Simplified high frequency tuner and tuning method," filed June 12, 2009, issued August 23, 2011;

- U.S. Patent 8,116,705, titled "Simplified high frequency tuner and tuning method," filed November 9, 2009, issued February 14, 2012; and,

- U.S. Patent 8,140,043, titled "Simplified high frequency tuner and tuning method," filed April 11, 2011, issued March 20, 2012.

The '068, '256, '963, '542, '225, and '238 Patents are hereinafter referred to as "the Asserted Patents."

20.    The University of Washington is also the assignee of a portfolio of patent applications naming Edwin A. Suominen as inventor relating to radio frequency (RF) receiver technology, including certain radio frequency receiver technology used in commercially

COMPLAINT - 8

significant radio data communication systems.   The relevant pending application is U.S. Application Serial No. 12/749,742, filed March 30, 2010 (the "Pending Application"). Hereinafter, the Subject Patents and the Pending Application may be referred to jointly as the "Subject Patents and Application."

21.   Mr. Suominen assigned all right, title and interest in the Subject Patents and Application to the University of Washington, including the right to sue for past damages.   The University of Washington, in turn, exclusively licensed the Subject Patents and Application to the Washington Research Foundation to include in its patent licensing program and, if necessary, to enforce in the name of the Washington Research Foundation all rights available in law and equity under the Subject Patents and Application including the right to sue and collect for past infringement.

22.   Two of WRF's Subject Patents have been reconfirmed over two separate reexamination requests.   An anonymous third-party Requester initially filed a Request for *Ex Parte* Reexamination with the USPTO identifying Claims 1 – 55 of Patentee's Asserted '542 Patent (90/011,063).   Later, the same anonymous third-party Requester filed a second Request for Ex Parte Reexamination identifying Claims 18 – 20 of WRF's '341 Patent (90/011,107).

23.   As part of its ongoing patent prosecution of related cases, WRF promptly filed copies of the reexamination requests in each of its pending cases, as well as copies of its responses.   WRF encouraged the Examiners of the pending cases to review the arguments therein.   Seven of those pending applications were subsequently allowed by two independent Examiners, and are now issued as patents (the '225, '239, '482, '238, '450, '623, and '029 Patents).

24.   On March 4, 2011, the USPTO terminated both of the reexamination requests in WRF's favor.   Reexamination certificates published on May 17, 2011.   Thus, nine patents and

COMPLAINT - 9

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

applications have been issued or confirmed valid over all of the art and arguments presented to WRF (and then submitted to the USPTO) during the course of enforcing the patents and in the two ex parte requests for reexamination.

## III.  THE LICENSING PROGRAM

25.    The Washington Research Foundation has for several years engaged in a program to license the Subject Patents and Application.  In accordance with that program, WRF provided notice of the Subject Patents and Application (in their various stages of issuance and pendency) to numerous companies that manufactured, imported, sold and/or offered for sale in the United States electronic devices believed to practice the inventions described and claimed in the Subject Patents and Application.  More specifically, WRF advised major companies in several industries that the use of certain unlicensed radio chipsets in products that they manufactured, imported, sold and/or offered for sale in the United States would or could result in direct infringement of various claims of the Subject Patents and Application.   WRF provided notice to these companies, and not to the chipset manufacturers, because these companies are the direct infringers; that is, these companies import, sell or offer for sale in the United States products that either infringe device claims, or the use of which infringes method claims of WRF's issued patents.  Thus, WRF provided notice of the Subject Patents and Application to (among others) major corporations in the following industries:

- Automotive industry;
- Cellular Handset industry;
- Computer/Electronics industry,
- Electronics and Consumer Retailers / Distributors, and
- Wireless Module Manufacturers.

COMPLAINT - 10

These major companies placed on notice by the Washington Research Foundation are referred to collectively as "the Alleged Direct Infringers."

26.     On information and belief, a number of the Alleged Direct Infringers have indemnity agreements with their suppliers of radio chipsets and intend to rely on those indemnity obligations to address any infringement of the Subject Patents and Application.  As a result, numerous of the Alleged Direct Infringers declined to accept a license from WRF.  On information and belief, a number of the Alleged Direct Infringers provided notice to their respective radio chipset suppliers of WRF's infringement allegations.

27.     Thereafter, several radio chipset suppliers contacted WRF to discuss the merits of WRF's infringement allegations and the possibility of acquiring a license under the Subject Patents and Application.  In addition, WRF initiated discussion with other radio chipset suppliers.

28.     As a result of its licensing efforts, Washington Research Foundation was able to conclude licenses under the Subject Patents and Application with several radio chipset companies, including:

- Airoha Technology Corp.
- Broadcom Corp.
- CSR plc
- Ericsson AB with rights extending to two of its licensees:
  - National Semiconductor
  - Winbond
- Infineon
- Marvell Semiconductor, Inc.
- Silicon Laboratories

COMPLAINT - 11

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

- SiTel Semiconductor BV
- ST-Ericsson and ST-NXP, with limited rights extending to:
  - STMicroelectronics (for STMicroelectronics non-automotive Bluetooth products made or sold prior to August 2, 2008),
- TOSHIBA Corp
- NXP Semiconductors N.V.

These licensed companies are hereinafter referred to as "Licensed Chipset Suppliers." The specific terms and conditions of each license signed with the Licensed Chipset Suppliers are confidential. In general, however, each of the Licensed Chipset Suppliers obtained a license that, among other things, enables its customers to make, import, use, sell or offer for sale in the United States products that include licensed radio chipsets (as defined by the respective Licensed Fields of each agreement). As a result of these licenses, many of the Alleged Direct Infringers are now indirectly licensed for the subset of their products that use chipsets from the Licensed Chipset Suppliers.

29.     In addition, as a result of the refusal of certain chipset companies to acquire licenses to avoid subjecting their customers to litigation, WRF successfully licensed the Subject Patents and Application to several of the Alleged Direct Infringers, including at least:

- Cisco Systems, Inc.,
- GN Netcom A/S,
- Harman International Industries, Inc., and
- VTech Communications, Inc.

These companies are hereinafter referred to as "Licensed Integrators." The terms and conditions of the licenses signed with the Licensed Integrators are confidential. However, in general, these licenses allow Licensed Integrators to employ in their products infringing chipsets without

COMPLAINT - 12

regard to whether the chipsets are licensed by the manufacturer under the Subject Patents and Application.

30.     Products manufactured by the Licensed Chipset Suppliers or the Licensed Integrators within the scope of their respective license agreements with WRF are hereinafter referred to as "Licensed Products."  WRF does not assert that use of a Licensed Product by any company (including any named Defendant or Alleged Direct Infringer) constitutes infringement of any of the Subject Patents or Applications.  Due to the existence of numerous Licensed Products manufactured by the Licensed Chipset Suppliers and Licensed Integrators, each Defendant had and continues to have the ability to avoid infringement of WRF's Asserted Patents.

31.     WRF is informed and believes that other Alleged Direct Infringers manufactured, used, imported, sold or offered for sale in the United States products that included certain chipsets of at least Atheros, Qualcomm, or Qualcomm-Atheros, that are not licensed under the Subject Patents or Applications.  To avoid continuing loss of potential damages caused by the applicable six year statutory damage limitation, WRF will seek the Court's assistance in discovery to promptly identify those additional direct infringers, as appropriate.

32.     Over the last several years WRF has engaged in negotiations with Atheros and Qualcomm (who acquired Atheros which is now Qualcomm-Atheros).   During these negotiations, WRF explained its infringement contentions with respect to at least the following Atheros, Qualcomm, and Qualcomm-Atheros radios: AR6002, AR6003, AR6102, AR6103, AR9002, AR9271, AR9280, AR9285, AR9287, AR9380, AR9382, AR9390 and AR9392. WRF believes that additional Atheros, Qualcomm, and Qualcomm-Atheros radios similarly infringe WRF's Asserted Patents.  WRF has offered both Atheros and Qualcomm a license under WRF's Asserted Patents on terms substantially similar to those signed by other Licensed

COMPLAINT - 13

Chipset Suppliers listed above.  To date, Atheros, Qualcomm, and Qualcomm-Atheros have failed to take a license on terms that are consistent with WRF's prior licenses and that would cover the past and present infringing activities of the OEM and integrator companies (such as the Defendants) for the manufacture, use, importation, sale and/or offer for sale in the United States of products employing its infringing chipsets.

## IV.  DEFENDANTS' INFRINGEMENT

32.     Apple manufactures, uses, imports, sells and/or offers for sale in the United States products employing certain Wi-Fi radio chipsets (including at least the AR9280 radio) manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros.  Specifically, at least the 27" iMac EMC 2309 and 2374 made by Apple, and likely others, are believed to use an infringing radio supplied by Atheros, Qualcomm, or Qualcomm-Atheros.  The manufacture, use, importation, sale and/or offer for sale in the United States of products by Apple that employ at least the identified chips are believed to infringe numerous claims of WRF's patents, including WRF's Asserted '068 Patent, '256 Patent, '963 Patent, '542 Patent; '225 Patent, and, '238 Patent.  WRF placed Apple on notice of the 11/649,305 and 11/154,272 Applications at least as early as September 1, 2005.  The '305 Application has since issued as the '963 Patent.  The '272 Application has since issued as the '542 Patent.  The relevant claims are in substantially the same form as they were published.  Accordingly, WRF is entitled to provisional damages against Apple under 35 U.S.C. § 154(d).

33.     D-Link manufactures, uses, imports, sells and/or offers for sale in the United States products employing certain Wi-Fi radio chipsets (including at least the AR9285 and AR9287 radios) manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros.  Specifically, at least the following products made by D-Link, and likely others, are believed to use an infringing radio supplied by Atheros, Qualcomm, or Qualcomm-Atheros:

COMPLAINT - 14

a.   D-Link's DIR-600 Router;

b.   D-Link's DIR-601 Router;

c.   D-Link's DIR-615 Router; and,

d.   D-Link's DIR-632 Router.

The manufacture, use, importation, sale and/or offer for sale in the United States of products by D-Link that employ at least the identified chips infringe numerous claims of WRF's patents, including (without limitation) WRF's Asserted '068 Patent, '256 Patent, '963 Patent, '542 Patent, '225 Patent, and '238 Patent.  WRF placed D-Link on notice of the 11/649,305 and 11/154,272 Applications at least as early as September 1, 2005.  The '305 Application has since issued as the '963 Patent.  The '272 Application has since issued as the '542 Patent.  The relevant claims are in substantially the same form as they were published.  Accordingly, WRF is entitled to provisional damages against D-Link under 35 U.S.C. § 154(d).

34.     Hewlett-Packard manufactures, uses, imports, sells and/or offers for sale in the United States products employing certain Wi-Fi radio chipsets (including at least the AR9285 radio) manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros.  Specifically, at least the following products made by Hewlett-Packard, and likely others, are believed to use an infringing radio supplied by Atheros, Qualcomm, or Qualcomm-Atheros:

a.   HP's DV5-2040BR Pavilion Entertainment Notebook PC; and,

b.   HP's ProBook 4520s Notebook PC.

The manufacture, use, importation, sale and/or offer for sale in the United States of products by Hewlett-Packard that employ at least the identified chips infringe numerous claims of WRF's patents, including (without limitation)  WRF's Asserted '068 Patent, '256 Patent, '963 Patent, '542 Patent, '225 Patent, and '238 Patent.  WRF placed Hewlett-Packard on notice of the 11/649,305 Application at least as early as October 29, 2004.  The '305 Application has since

COMPLAINT - 15

issued as the '963 Patent.   WRF placed Hewlett-Packard on notice of the 11/154,272 Application at least as early as September 1, 2005.  The '272 Application has since issued as the '542 Patent.  The relevant claims are in substantially the same form as they were published. Accordingly, WRF is entitled to provisional damages against Hewlett-Packard under 35 U.S.C. § 154(d).

35.     Logitech manufactures, uses, imports, sells and/or offers for sale in the United States products employing certain Wi-Fi radio chipsets (including at least the AR9271 radio) manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros.  Specifically, at least the Revue made by Logitech, and likely others, are believed to use an infringing radio supplied by Atheros, Qualcomm, or Qualcomm-Atheros.  The manufacture, use, importation, sale and/or offer for sale in the United States of products by Logitech that employ at least the identified chips infringe numerous claims of WRF's patents, including (without limitation)  WRF's Asserted '068 Patent, '256 Patent, '963 Patent, '542 Patent, '225 Patent, and '238 Patent.  WRF placed Logitech on notice of the 11/649,305 and 11/154,272 Applications at least as early as September 1, 2006.  The '305 Application has since issued as the '963 Patent.  The '272 Application has since issued as the '542 Patent.  The relevant claims are in substantially the same form as they were published.  Accordingly, WRF is entitled to provisional damages against Logitech under 35 U.S.C. § 154(d).

36.     Microsoft manufactures, uses, imports, sells and/or offers for sale in the United States products employing certain Wi-Fi radio chipsets (including at least the AR6002 radio) manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros.  Specifically, at least the Zune HD made by Microsoft, and likely others, are believed to use an infringing radio supplied by Atheros, Qualcomm, or Qualcomm-Atheros.  The manufacture, use, importation, sale and/or offer for sale in the United States of products by Microsoft that employ at least the identified

COMPLAINT - 16

chips infringe numerous claims of WRF's patents, including (without limitation)  WRF's Asserted '068 Patent, '256 Patent, '963 Patent, '542 Patent, '225 Patent, and '238 Patent.  WRF placed Microsoft on notice of the 11/649,305 and 11/154,272 Applications at least as early as October 29, 2004.  The '305 Application has since issued as the '963 Patent.  The '272 Application has since issued as the '542 Patent.  The relevant claims are in substantially the same form as they were published.  Accordingly, WRF is entitled to provisional damages against Logitech under 35 U.S.C. § 154(d).

37.     Parrot manufactures, uses, imports, sells and/or offers for sale in the United States products employing certain Wi-Fi radio chipsets (including at least the AR102 radio) manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros.  Specifically, at least the AR Drone made by Parrot, and likely others, are believed to use an infringing radio supplied by Atheros, Qualcomm, or Qualcomm-Atheros.  The manufacture, use, importation, sale and/or offer for sale in the United States of products by Parrot that employ at least the identified chips infringe numerous claims of WRF's patents, including (without limitation)  WRF's Asserted '068 Patent, '256 Patent, '963 Patent, '542 Patent, '225 Patent, and '238 Patent.  WRF placed Parrot on notice of the 11/154,272 Application at least as early as December 4, 2007.  The '272 Application has since issued as the '542 Patent.  The relevant claims are in substantially the same form as they were published.  Accordingly, WRF is entitled to provisional damages against Parrot under 35 U.S.C. § 154(d).

38.     Samsung manufactures, uses, imports, sells and/or offers for sale in the United States products employing certain Wi-Fi radio chipsets (including at least the AR6002 and AR9382 radios) manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros. Specifically, at least the following products made by Samsung, and likely others, are believed to use an infringing radio supplied by Atheros, Qualcomm, or Qualcomm-Atheros:

COMPLAINT - 17

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

      a.   Samsung's Jack phone;

      b.   Samsung's Propel Pro phone; and

      c.   Samsung's Series 5 3G Chromebook.

The manufacture, use, importation, sale and/or offer for sale in the United States of products by Samsung that employ at least the identified chips infringe numerous claims of WRF's patents, including (without limitation) WRF's Asserted '068 Patent, '256 Patent, '963 Patent, '542 Patent, '225 Patent, and '238 Patent.  WRF placed Samsung on notice of the 11/649,305 and 11/154,272 Applications at least as early as December 27, 2006.  The '305 Application has since issued as the '963 Patent.  The '272 Application has since issued as the '542 Patent.  The relevant claims are in substantially the same form as they were published.  Accordingly, WRF is entitled to provisional damages against Samsung under 35 U.S.C. § 154(d).

39.     WRF will employ the tools of discovery to determine what, if any, other products of the Alleged Direct infringers in the past six years use infringing chipsets manufactured or sold by Atheros, Qualcomm, or Qualcomm-Atheros.

40.     Defendants' use of chipsets that include inventions claimed in WRF's Asserted Patents significantly increases the sales price and revenue associated with those products.  For example, the infringing Wi-Fi chipsets enable Defendants' products to communicate on Wi-Fi networks. Without the infringing Wi-Fi chipsets, Defendants' products would not be able to communicate over wireless networks.

41.     Since at least the issuance of the Asserted Patents, Defendants have infringed  the Asserted Patents, in violation of 35 U.S.C. § 271(a), with resultant damage to Washington Research Foundation, in an amount to be proven at trial.

42.     In the alternative, Defendants have been on notice of the patents and applications which issued as the Asserted Patents.  Nevertheless, Defendants affirmatively sell, offer to sell,

BLANK Law & Technology P.S.
157 Yester Way, Third Floor
Seattle, WA 98104
Phone: (206) 256-9699
Fax: (206) 256-9899

encourage and intend for their customers to use their products in a manner that infringes on the claimed methods of the Asserted Patents.  Defendants' conduct amounts to active inducement of infringement in violation of 35 U.S.C. § 271(b), with resultant damage to Washington Research Foundation, in an amount to be proven at trial.

43.     Moreover, Defendants, with actual knowledge of the Subject Patents and Application, and without lawful justification, willfully and deliberately infringed at least the Asserted Patents.

WHEREFORE, WASHINGTON RESEARCH FOUNDATION PRAYS FOR

43.     Judgment on the Complaint that Defendants, and each of them, have infringed, or actively induced others to infringe U.S. Patents 6,427,068; 6,631,256; 7,116,963; 7,606,542; 7,853,225; and 7,925,238.

44.     An award of damages against Defendants, and each of them, adequate to compensate Washington Research Foundation for past infringement of at least the Asserted Patents, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

45.     Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that Washington Research Foundation is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

46.     Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

RESPECTFULLY SUBMITTED this 30th day of November, 2012.

COMPLAINT - 19

1

**BLANK LAW & TECHNOLOGY P.S.**

2

By: _/s/ C. Dean Little_

3      C. Dean Little, WSBA No. 1269
     Jonathan Yeh, WSBA No. 32734

4      157 Yesler Way, Third Floor
     Seattle, WA 98104

5      Tel: (206) 256-9699
     Fax: (206) 256-9899

6      Email: dlittle@digital-legal.com
               jyeh@digital-legal.com

7      Local Counsel for Plaintiff

8 *Of Counsel (Pro Hac Vice Applications to be Submitted)*:

9

**VICTORIA GRUVER CURTIN, P.L.C.**

10

By:/s/ Victoria Curtin

11      Victoria Gruver Curtin
     (Arizona Bar No. 010897)

12      14555 North Scottsdale Rd, Ste. 160
     Scottsdale, Arizona 85254

13      Tel.: (480) 998-3547
     Fax: (480) 596-7956

14      Email: Victoria@vcurtin.com
     Counsel for Plaintiff

15

16 Steven G. Lisa
(Illinois Bar No. 6187348)

17 LAW OFFICES OF STEVEN G. LISA, LTD.
55 West Monroe Street, Suite 3210

18 Chicago, IL 60603
Tel : (312) 752-4357

19 Fax: (312) 896-5633
Counsel for Plaintiff

20

21 Gerald D. Hosier
(Nevada Bar No. 5023)

22 8904 Canyon Springs Drive
LasVegas, NV 89117

23 Tel.: 702-256-8904
Fax: 702-256-8967

24 Counsel for Plaintiff

25

COMPLAINT - 20